**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TERRY DAY; individually and | : | |
| on behalf of similarly situated persons, | : | |
| | : | CIVIL ACTION FILE |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| JAMES VELISSARIS, | : | |
| | : | |
| Defendant. | : | <u>DEMAND FOR JURY TRIAL</u> |
| _____ | : | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

COMES NOW Plaintiff Terry Day, individually and on behalf of all other similarly situated persons, and asserts these claims against Defendant James Velissaris under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and the laws of the State of Georgia, to recover unpaid wages, liquidated damages, and attorneys' fees and expenses, showing this Court as follows:

## <u>INTRODUCTION</u>

### 1.

This is a collective action FLSA case brought to recover for work that Plaintiff and similarly situated film crew members performed for Defendant without pay. From on or around August 2022 to October 2022, Plaintiff and

similarly situated film crew members worked on production of the motion picture

entitled "Black Spartans" filmed in and around Atlanta, Georgia. "Black Spartans"

is produced and co-written by Defendant and Defendant is the principal financier

of the film. Production on "Black Spartans" wrapped in October 2022, but Plaintiff

and similarly situated film production crew members were not paid for significant

work they performed for Defendant during the last month of filming. Plaintiff

therefore brings this lawsuit on behalf of himself and similarly situated film crew

members to seek recovery of all monies due.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 206 *et seq*. and 29 U.S.C. § 216(b).  Jurisdiction over Plaintiff's state

law claims is invoked pursuant to this Court's supplemental jurisdiction under 28

U.S.C. § 1367.

3.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as the

events or omissions giving rise to the claims described herein occurred in this

judicial district.

## PARTIES

### 4.

Plaintiff Terry Day is a resident of the State of Georgia. Day worked on "Black Spartans" as Transportation Captain. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a plaintiff in this action. *See* Exhibit 1.

### 5.

Defendant James Velissaris is the producer, co-writer, and financier of the motion picture "Black Spartans." Defendant is a resident of the State of Georgia and conducts business in the State of Georgia. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Upon information and belief, Defendant currently resides at 70 Finch Forest Trail NW, Atlanta, GA 30327.

### 6.

At all times relevant to this lawsuit, Plaintiff and similarly situated film crew members were engaged in commerce as Defendant's employees in that they handled goods, equipment, and supplies which were used and transported in interstate commerce.

7.

At all times relevant to this lawsuit, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

8.

At all times relevant to this lawsuit, Plaintiff and similarly situated film crew members were not exempt from the minimum wage or overtime pay requirements of the FLSA.

## FACTUAL ALLEGATIONS

9.

"Black Spartans" is a feature length film about an integrated college football team in the mid-1960s.

10.

Defendant Velissaris is the co-writer, producer, and principal financier of "Black Spartans." Defendant exercised operational control over Plaintiff and similarly situated film crew members by, *inter alia*, controlling when and where Plaintiff and similarly situated film crew members worked during filming of "Black Spartans." Defendant also exercised control over payroll decisions with respect to Plaintiff and similarly situated film crew members by, *inter alia*,

controlling when and how much Plaintiff and similarly situated film crew members were paid for their work performed on "Black Spartans" and by maintaining payroll records for Plaintiff and similarly situated film crew members.

11.

On or around August 2022, numerous film crew members were hired to work on "Black Spartans".

12.

While employed by Defendant on "Black Spartans," Plaintiff and similarly situated film production crew members regularly worked more than forty (40) hours in a work week, often working as many as ninety (90) hours in a work week.

13.

Filming on "Black Spartans" wrapped in October 2022. Many film production crew members were not paid for work they performed in or around the final month of filming.

14.

Defendant exercised control over payroll decisions on "Black Spartans," and independently made the decision to not pay Plaintiff and similarly situated film production crew members for work they performed in or around the final month of filming.

15.

Plaintiff and similarly situated film production crew members were not paid the federal minimum wage and/or overtime rate for work performed in or around October, 2022.

## COLLECTIVE ACTION ALLEGATIONS

16.

Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated film crew members pursuant to 29 U.S.C. § 216(b).

17.

The FLSA claims may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

18.

Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay film crew members the federal minimum wage and overtime rate. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential opt-in plaintiffs may be notified of the pendency of this action via U.S. mail, e-mail, and/or other appropriate means.

19.

Plaintiff and the FLSA Class are "similarly situated" because, *inter alia*, all such individuals were employed by Defendant, worked as film production crew on "Black Spartans," and were not paid minimum or overtime wages as required by the FLSA. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

## COUNT I
## Violations of the Fair Labor Standards Act

20.

All previous paragraphs are incorporated as though fully set forth herein.

21.

The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. 29 U.S.C. § 206(a)(1).

22.

The FLSA requires that covered employees are entitled to be paid at overtime rate for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1).

23.

At all material times, Plaintiff and other similarly situated employees were non-exempt employees of Defendant.

24.

Defendant is subject to the wage requirements of the FLSA because Defendant was an "employer" under 29 U.S.C. § 203(d) during all relevant times.

25.

During all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203, and Defendant exercised operating control over employees on the production of "Black Spartans."

26.

During all relevant times, Plaintiff and other similarly situated employees were covered employees of Defendant, and as such were entitled to the above-described FLSA protections. 29 U.S.C. § 203(e).

27.

By virtue of Defendant's failure and/or refusal to pay Plaintiff and other similarly situated employees a minimum wage of at least $7.25 per hour for all hours worked by Plaintiff and other similarly situated employees, Defendant violated the FLSA. 29 U.S.C. §§ 206 and 215.

28.

By virtue of Defendant's failure and/or refusal to pay Plaintiff and other similarly situated employees at the overtime rate for all hours worked over forty (40) in a workweek, Defendant violated the FLSA. 29 U.S.C. § 207(a)(1).

29.

Upon information and belief, Defendant failed to make, keep, and preserve records with respect to Plaintiff and other similarly situated employees to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

30.

In violating the FLSA, Defendant acted knowingly, willfully, and with reckless disregard of clearly applicable FLSA provisions.

31.

Defendant is liable to Plaintiff and other similarly situated employees for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages. 29 U.S.C. § 216(b).

**COUNT II**
**Unjust Enrichment**

32.

All previous paragraphs are incorporated as though fully set forth herein.

33.

By working on "Black Spartans" and performing film production duties,
Plaintiff and other similarly situated employees provided Defendant the valuable
benefit of their services.

34.

Plaintiff's and other similarly situated employees' services were valuable to
Defendant, Plaintiff's and other similarly situated employees' services were
provided at the request of Defendant, Defendant's receipt of the services without
compensating Plaintiff and other similarly situated employees would be unjust, and
Plaintiff and other similarly situated employees expected compensation for their
services at the time they provided them to Defendant.

35.

By refusing to compensate Plaintiff and other similarly situated employees
for the valuable services they provided, Defendant has been unjustly enriched and
is liable to Plaintiff and other similarly situated employees on the theory of
quantum meruit under Georgia law. *See Nextel South Corp. v. R.A. Clark
Consulting*, 266 Ga.App. 85, 86 (2004).

## COUNT III
## Breach of Contract

36.

All previous paragraphs are incorporated as though fully set forth herein.

37.

Defendant entered into either express and/or implied contracts with Plaintiff and other similarly situated employees to pay Plaintiff and other similarly situated employees at agreed-upon wage rates in exchange for their services on "Black Spartans."

38.

Defendant breached the contracts by failing to pay Plaintiff and other similarly situated employees the agreed-upon amounts.

39.

Defendant is liable to Plaintiff and other similarly situated employees for breach of contract under Georgia law.

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, requests:

(a) that the Court declare that Defendant violated Plaintiff's and other similarly situated employees' rights under the minimum wage and overtime wage provisions of the FLSA;

(b) that the Court award Plaintiff and other similarly situated employees the value of their unpaid wages in amounts to be determined at trial;

(c) that the Court award Plaintiff and other similarly situated employees liquidated damages as authorized by the FLSA;

(d) that the Court award Plaintiff and other similarly situated employees compensatory damages in the amount by which Defendant was unjustly enriched at Plaintiff's and other similarly situated employees' expense;

(e) that that the Court award Plaintiff and other similarly situated employees compensatory damages for Defendant's breach of contract;

(f) that the Court award Plaintiff and other similarly situated employees their expenses of litigation, including their reasonably-incurred attorneys' fees as authorized by the FLSA and/or Georgia law;

(g) that the Court grant Plaintiff and other similarly situated employees a jury trial on all issues so triable; and

(h) award such other further relief that this Court deems just, equitable and proper.

Respectfully submitted, this 19th day of December, 2022.

By:    s/ Michael B. Schoenfeld
       Georgia Bar No. 863727

James D. Fagan, Jr.
Georgia Bar No. 253950
Stanford Fagan LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
(404) 622-0521, ext. 2244
michaels@sfglawyers.com
jfagan@sfglawyers.com

*Attorneys for Plaintiff*