IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRY DAY, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>JAMES VELISSARIS,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:22-CV-4987-TWT |

## OPINION AND ORDER

This is an action under the Fair Labor Standards Act. It is before the Court on the Defendant James Velissaris's Motion to Dismiss or in the Alternative, For a More Definite Statement [Doc. 10]. For the reasons set forth below, the Defendant's Motion to Dismiss or in the Alternative, For a More Definite Statement [Doc. 10] is GRANTED in part and DENIED in part. The Court GRANTS the Plaintiff leave to file an amended complaint within 14 days of the date of this Order to correct the pleading deficiencies identified herein.

### I.     Background

The Court accepts the facts as alleged in the Complaint as true for purposes of the present motion to dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019). This action arose from work that the Plaintiff, a film crew member, performed on a film titled *Black Spartans* that was financed by the Defendant. (Compl. ¶ 1). The Plaintiff alleges that he and other

film crew members were not paid for the last month of work they performed for the Defendant before filming finished in October of 2022. (*Id.*). The Plaintiff also alleges that the Defendant exercised control over the time and location of their work as well as managing the film crew's payroll. (*Id.* ¶ 10). On that basis, the Plaintiff alleges that the Defendant was a covered employer under the Fair Labor Standards Act ("FLSA") as defined in 29 U.S.C. § 203 and, therefore, was subject to the FLSA's wage requirements. (*Id.* ¶¶ 24-25).

The Plaintiff brought this action as a collective opt-in FLSA action under 29 U.S.C. § 216(b) seeking unpaid wages, including overtime compensation, in addition to state law claims for unjust enrichment and breach of contract. (*Id.* ¶¶ 18-19, 27-31). The Defendant moved to dismiss, or in the alternative, for a more definite statement. [Doc. 10]. In his Motion to Dismiss, the Defendant asserts that the Plaintiff's employment was governed by an Agreement between Black Spartans LLC, a film production company owned in large part by the Defendant, and a representative of the Teamsters Local 728, a film workers union of which the Plaintiff was a member. (Def.'s Br. in Supp. of Mot. to Dismiss at 2-3). The Agreement set the wages for the Plaintiff's role as "transportation captain." (*Id.* at 3); (Def.'s Br. in Supp. of Mot. to Dismiss, Ex. 2 at 23 ("Agreement")). The Agreement also clarified that it would "be applicable to classifications of employees whose services are rendered in connection with the production of th[e] motion picture." (Agreement at 25). Additionally, the Teamsters Local 728 was made "the exclusive bargaining

representative of all classifications listed in [the Agreement]." (*Id.*).

Most relevant to the Motion to Dismiss, the Agreement outlines a dispute resolution process applicable to all workers covered by the Agreement. That provision provides first a grievance process followed by an arbitration process. (Agreement at 30). The dispute resolution paragraph is titled "Article XIII – Arbitration" and requires workers to timely submit all grievances to Black Spartans LLC: "[s]hould any worker covered by this [A]greement or authorized representative of the Union wish to protest any Company action, a grievance must be initiated with[in] ten (10) calendar days of the Company action or knowledge thereof." (Agreement at 29). The arbitration process is as follows:

> If the preceding steps fail to adjust a grievance, the Union may, within seven (7) calendar days after receipt of the Company's answer, request in writing that the matter be submitted to arbitration. Individual employees shall have no right to invoke the arbitration clause. Within an additional seven (7) calendar days, immediately following this period, the Union shall request the Federal Mediation and Conciliation Service to submit a panel of seven (7) neutral arbitrator[s] from which one arbitrator shall be selected . . . . The arbitrator's award shall be final and binding on the Company, the Union, and the employee concerned.

(Agreement at 30).

## II. Legal Standards

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). District courts in the Eleventh Circuit have treated motions to compel

arbitration as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g.*, *Coleman v. Dep't Store Nat'l Bank: DSNB Macy's*, 2022 WL 18777575, at *6 (N.D. Ga. Oct. 13, 2022), *report and recommendation adopted*, 2022 WL 18777528, at *1 (N.D. Ga. Nov. 3, 2022); *Stuckey v. Brookdale Employee Servs., LLC*, 2022 WL 1156962, at *1 (N.D. Ala. Apr. 19, 2022); *de la Riva v. Suntrust Bank*, 2022 WL 3681998, at * 8 (S.D. Fla. Apr. 14, 2022). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1261 (quotation marks, citation, and brackets omitted). On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Garcia*, 104 F.3d at 1261 (quotation marks omitted). On a factual attack, "no presumptive

---

[1] Decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (5th Cir. 1981).

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999) (quotation marks and citation omitted).

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555). Courts can consider documents outside the complaint in

ruling on a motion to dismiss if: (1) the plaintiff refers to them in the complaint; (2) they are attached to the motion to dismiss; (3) their contents are not in dispute; (4) and they are central to the plaintiff's claim. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1214 n.1 (11th Cir. 2020).

When considering a motion to compel arbitration, the Court must first "determine whether the parties agreed to arbitrate that [particular] dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). If they have, the Court must then determine whether the arbitration clause is valid. *Id.* at 628. If the moving party establishes the necessary elements, the Federal Arbitration Act "requires a court to either stay or dismiss a lawsuit and to compel arbitration." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

### III. Discussion

The Defendant first brings his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), essentially arguing that the arbitration provisions in the Agreement deprive this Court of subject-matter jurisdiction over this matter because the provisions mandate arbitration. (Def.'s Br. in Supp. of Mot. to Dismiss, at 6-15). Additionally, the Defendant argues that even if arbitration is not mandated here, the Court lacks jurisdiction under the FLSA because the Plaintiff has failed to adequately plead a basis for FLSA coverage in his Complaint. (*Id.* at 16). The Defendant contends that the Plaintiff was neither engaged in interstate commerce nor in the production of goods for interstate

commerce. (*Id.* at 16-17). In particular, the Defendant argues that the Plaintiff's job responsibilities were entirely within Georgia and did not involve transporting goods to other states. (*Id.* at 17-20). Moreover, the Defendant asserts, the Plaintiff has not adequately pled that the Defendant was an employer within the meaning of the FLSA because there are no allegations that the Defendant maintained operational control of Black Spartans LLC. (*Id.* at 21-22).

Finally, the Defendant argues that the Plaintiff's FLSA claim also fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because it lacks sufficient detail and consists of vague, unsupported allegations. (*Id.* at 31-32). The Defendant asks this Court to decline exercise subject-matter jurisdiction over the Plaintiff's state law claims if the FLSA claim is dismissed. (*Id.* at 32-33). In the alternative, the Defendant asks this Court to require the Plaintiff to make a more definite statement of his claims. (*Id.* at 33).

In response to the arbitration issue, the Plaintiff argues that collective bargaining agreements can only mandate arbitration when the terms "clearly and unmistakably" require it and reference the statutes involved, which the Plaintiff contends is not the case here. (Pl.'s Br. in Opp. to Mot. to Dismiss, at 3-4). The Plaintiff also notes that the arbitration provision in the Agreement addresses only grievances and not statutory claims such as an FLSA claim, and therefore, his FLSA claim should be allowed to proceed. (*Id.* at 4-10).

As to the jurisdiction issue under the FLSA, the Plaintiff asserts that the Court is obliged to take the facts asserted in the Complaint as true and may not rely on extrinsic evidence. (*Id.* at 10). The Plaintiff argues that the Complaint alleges a basis for enterprise coverage under the FLSA because he and other crew members handled goods, equipment, and supplies that were used and transported in interstate commerce. (*Id.* at 10-11). Additionally, the Plaintiff argues that he is not required to prove at the motion to dismiss stage that the Defendant exercised the requisite control over day-to-day operations in order to properly allege that the Defendant is an employer under the FLSA; instead, he is only required to allege that the Defendant did so. (*Id.* at 12-14). Finally, as to the Defendant's Rule 12(b)(6) argument, the Plaintiff asserts that he has sufficiently alleged a plausible FLSA claim and that the exact amount of the claim can be ascertained only through discovery. (*Id.* at 15-16).

### A. Arbitration

The Court will address each issue in turn, beginning with the arbitration issue. As an initial matter, the Court can consider the Agreement without converting the Motion to one for summary judgment because the Agreement is referenced in the Plaintiff's complaint, was attached to the Motion to Dismiss, is central to the Plaintiff's FLSA claim at this stage, and neither party has challenged its authenticity. See *Cisneros*, 972 F.3d at 1214 n.1.

While the Defendant is correct that the federal courts embrace a policy of enforcing valid arbitration agreements, there is no such agreement here. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (noting the liberal policy and that "claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the [Federal Arbitration Act]." (quotation marks and citation omitted)). Additionally, "courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). And in collective bargaining agreements, such as the Agreement at issue here, an agreement to arbitrate a claim involving a statutorily protected right "must be particularly clear." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79 (1998); *see also 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 263-64 (2009). In fact, this Court "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." *Wright*, 525 U.S. at 80. But in the arbitration provision at issue, there is no reference to any federal law, let alone language subjecting an employee's grievances to mandatory arbitration.

Instead, the provision says only that "all disputes or controversies" are subject to the grievance process, which permits—but does not compel—the Teamsters (and not Black Spartans LLC) to request arbitration if a grievance

is not sufficiently addressed. (Agreement at 30). Most notably, however, the same provision specifically prohibits individual employees from requesting arbitration, and the Plaintiff thus had no choice under the terms of the Agreement other than to pursue his FLSA claim in federal court. (*See id.* ("Individual employees shall have no right to invoke the arbitration clause.")). In short, the provision at issue is a far cry from the "clear and unmistakable" waiver language required by the Supreme Court in order for a union to waive an employee's statutorily protected FLSA rights. *See Wright*, 525 U.S. at 79. Accordingly, not only does the provision at issue not compel arbitration of statutory claim under the FLSA, it does not compel arbitration of any dispute. Therefore, the arbitration provisions do not deprive this Court of subject-matter jurisdiction over this FLSA action.

### B. FLSA Coverage

The FLSA's overtime provisions requires employers to compensate covered employees at least one and one-half times the regular rate of pay for all hours worked by the employee in excess of forty hours per week. 29 U.S.C. § 207(a)(1). An "employer" within the meaning of the FLSA is one "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Covered employees are either (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). *Id.* An "enterprise engaged in

10

commerce" requires "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and a gross volume of sales or business of at least $500,000 annually as to the employer. 29 U.S.C. § 203(s)(1). The Eleventh Circuit has clarified that "a corporate officer with operational control of a corporation's covered enterprise is an employer," so long as he is either "involved in the day-to-day operation or [has] some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). For individual coverage, the "engaged in commerce" prong of § 207(a)(1) requires the employee to "directly participat[e] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation . . . , or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate . . . travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

As an initial matter, the Court notes that it is an open question in the Eleventh Circuit as to whether coverage under the FLSA is a jurisdictional question suitable for resolution under Rule 12(b)(1). *See, e.g., Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880-883 & n. 5; *Ferrer v. Atlas Piles, LLC*, 586 F. Supp.3d 1286, 1295 (S.D. Fla. Feb. 16, 2022) ("The Eleventh Circuit has apparently not yet decided whether the FLSA's restrictions on enterprise coverage (or individual coverage) are jurisdictional."). In the present

11

case, however, the Court need not decide this issue because the Defendant has presented its arguments against FLSA coverage as a facial attack on jurisdiction rather than a factual one, which requires the Court to analyze the challenge under Rule 12(b)(6). *See Garcia*, 104 F.3d at 1260; *Williamson*, 645 F.2d at 412. In particular, the Defendant frames his challenge in terms of deficiencies in the Complaint rather than deficiencies in the facts themselves, focusing on the Plaintiff's allegations in the Complaint. (*See*, e.g., Def.'s Br. in Supp. of Mot. to Dismiss, at 16 ("Plaintiff has failed to adequately plead either theory of coverage in the Complaint."). And despite presenting the Agreement in conjunction with his request to compel arbitration, the Defendant has not asked the Court to rely on the Agreement in determining whether FLSA coverage exists. *See Garcia*, 104 F.3d at 1261 (noting that a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered."). The Court is unwilling to rewrite the Defendant's arguments for him and will therefore address only the facial attack to FLSA coverage that the Defendant has presented. Further, due to the overlap between the Defendant's challenge to FLSA coverage and Rule 12(b)(6) challenge to the Plaintiff's FLSA claim, the Court will address these arguments together. *See id.* (holding that on a facial challenge to jurisdiction, the Plaintiff is afforded the same procedural safeguards as a Rule 12(b)(6) motion to dismiss).

### C. Failure to State a Claim

First, the Plaintiff has adequately alleged that the Defendant is an employer under the FLSA. The Plaintiff alleges that the Defendant controlled the Plaintiff's schedule and work site, in addition to exercising control over payroll decisions and maintaining payroll records. (Compl. ¶ 10). Construing these allegations in the Plaintiff's favor, as the Court must, these facts satisfy the notice pleading requirements of Rule 8. Contrary to the Defendant's arguments that the Plaintiff has not supplied "proof of his claims that [the Defendant] maintained the requisite control," the Plaintiff is not required to prove anything in his complaint. *See Erickson*, 551 U.S. at 93 (providing that the plaintiff need only give the defendant fair notice of his claim and the grounds he relies upon). The Plaintiff has done so here, and whether or not he will be able to prove (at a later stage) that the Defendant in fact qualified as an employer under the FLSA is irrelevant at the motion to dismiss stage. *Twombly*, 550 U.S. at 556 (noting that a complaint can survive a Rule 12(b)(6) motion even if it is "improbable" that he will be able to prove the facts alleged in his complaint).

However, as to coverage under the FLSA, the Court finds that the Plaintiff has failed to adequately allege enterprise coverage as to the Defendant because he has made no allegations as to the Defendant's gross annual volume of sales or business as required under 29 U.S.C. § 203(s)(1). Additionally, the Plaintiff has essentially alleged only that he was employed

13

as a transportation captain without providing any further facts as to his job duties, and he recites the elements of 29 U.S.C. § 203(s)(1) by stating only that he was engaged in commerce by handling goods and equipment that were "used and transported in interstate commerce." (Compl. §§ 4, 6). While detailed factual allegations are not required, *some* factual allegations are, and the Plaintiff's "formulaic recitation of the elements of [the FLSA claim] will not do." *Twombly*, 550 U.S. at 555. Thus, the Plaintiff has failed to allege facts supporting either requirement for establishing enterprise coverage under the FLSA. *See* 29 U.S.C. § 203(s)(1).

So too for individual coverage. The individual coverage inquiry focuses on the work of the employee himself and whether that work involved movement in, or use of the instrumentalities of, interstate commerce. *Thorne*, 448 F.3d at 1266. As the Plaintiff has alleged nothing more than the elements of the FLSA coverage requirements in regard to his job responsibilities, he has failed to state a claim for individual coverage under the FLSA. In light of the Court's determination that the Plaintiff has failed to adequately allege FLSA coverage, which is a prerequisite for stating an FLSA claim, the Court need not address the Defendant's remaining Rule 12(b)(6) arguments as to the amount of the FLSA claim at this time. (*See* Def.'s Br. in Supp. of Mot. to Dismiss, at 23-24). The Court will afford the Plaintiff one opportunity to amend his complaint in order to resolve the deficiencies identified herein. *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) ("Generally,

where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one change to amend the complaint before the district court dismisses the action with prejudice." (citation omitted)).

### D. State Law Claims

Finally, the Plaintiff's FLSA claim was the only federal claim in this matter and the Plaintiff has not alleged a basis for diversity jurisdiction, so the Court declines to exercise supplemental jurisdiction over the remaining state law claims for unjust enrichment and breach of contract. 28 U.S.C. § 1367(c)(3).

### IV. Conclusion

For the reasons set forth below, the Defendant's Motion to Dismiss or in the Alternative, For a More Definite Statement [Doc. 10] is GRANTED in part, as to the Motion to Dismiss, and DENIED in part, as to the Alternative Motion for a More Definite Statement. The Court GRANTS the Plaintiff leave to amend, and the Plaintiff is DIRECTED to file an amended complaint within 14 days of the date of this Order to correct the pleading deficiencies identified herein.

SO ORDERED, this ___31st___ day of May, 2023.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge